UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAUREL G. PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00609-LJM-MJD |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner") has moved to dismiss Plaintiff Laurel G. Pierce's ("Pierce's") Complaint asserting that the Court lacks jurisdiction over Pierce's claims under both 42 U.S.C. §405(g) and the Federal Torts Claims Act ("FTCA") and/or Pierce failed to exhaust her administrative remedies as required. Dkt. No. 10. Pierce, acting *pro se*, argues that she did not need to exhaust any administrative remedies under the FTCA because the Social Security Administration ("SSA") was well aware of the issues involved in her disability benefits claims. Moreover, in a document entitled "Update and Motion to Proceed with Claim" ("Update Motion"), Pierce states that she filed a claim under the FTCA, which was denied because the statute of limitations had run and because the issues were not properly brought under the FTCA, rather, they should be decided by the SSA and the appeals process associated therewith. Dkt. No. 18.

I. **FACTUAL & PROCEDURAL BACKGROUND**

Pierce alleges that in 2006 she sought Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Compl. at 1. After seeking judicial review of the SSA's denial of benefits in 2010, *see* Cause No. 1:10-cv-01451-SEB-MJD, her case was remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See Pierce v. Comm'r of Social Security*, 1:10-cv-01451-SEB-MJD. The Commissioner awarded Pierce benefits in 2015. Compl. at 1. Pierce now alleges that the 9-year process seeking benefits caused her damages, "unnecessary hardship," and harm to her "emotional and mental health." Comp. at 1-3. On March 17, 2016, Pierce filed the instant Complaint in which, in essence, she seeks damages for the period during which she sought benefits from the SSA. Compl. at 2-3. In her Update Motion, Pierce explains that she filed a Tort claim after the Commissioner filed her Motion to Dismiss, which was denied; therefore, Pierce asserts, she has exhausted her administrative remedies and the case should proceed.

II. **DISCUSSION**

The Commissioner maintains that the Court lacks subject matter jurisdiction over Pierce's claims because Congress did not waive sovereign immunity for claims against the SSA. Dkt. No. 11 at 1 n.1. In the alternative and under Seventh Circuit precedent, the Commissioner seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") for failure to exhaust administrative remedies. *Id.* (citing *Collins v. United States*, 564 F.3d 833, 838 (7th Cir. 2008): *Frey v. EPA*, 270 F.3d 1129,

1135 (7th Cir. 2001)). In light of Seventh Circuit precedent, the Court uses the Rule 12(b)(6) standard here.[1]

Rule 12(b)(6) permits the dismissal of a claim for failure to state a claim upon which relief can be granted in the pleadings. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Rather, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.* "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009).

The Court concludes that Pierce failed to exhaust her administrative remedies prior to filing suit; therefore, her Complaint must be dismissed. The law is clear that any claim arising under the Social Security Act must be brought first to the Commissioner. *See* 42

---

[1] To the extent that the parties rely on matters outside the record, the Court did not need to consider them; therefore, it has not converted the motion to one for summary judgment.

U.S.C. §§ 405(g) & (h). Pierce makes no allegation here that she filed her claim with the Commissioner.

Even if Pierce had brought such a claim to the Commissioner, § 405(g) does not contemplate money damages for any delay in awarding benefits under DIB and SSI, rather Pierce is only entitled to back payment of damages wrongfully withheld. *See Marks v. U.S. Social Sec. Admin.*, 906 F. Supp. 1017, 1022 (E.D. Va. 1995), *aff'd in part and vac'd in aprt on other grnds.*; *Ostroff v. State of Florida*, 554 F. Supp. 347, 352 (M.D. Fla. 1983). Therefore, Pierce should have brought any allegation that she was entitled to more benefits, or back payment of benefits, to the Commissioner first.

Finally, to the extent that Pierce seeks relief under the FTCA, 42 U.S.C. § 405(h) seems to specifically precludes such avenue when the claim arises out of a Social Security dispute. 42 U.S.C. § 405(h) states, "No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section . . . 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter." *See also Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) ("The Social Security Act, 42 U.S.C. § 405(h), precludes a FTCA action 'to recover on any claim arising under this subchapter.'"); *Carter v. Social Sec. Field Office*, No. 02 C. 5526, 2004 WL 609316, at *4 (N.D. Ill. Mar. 22, 2004) (stating that any FTCA claim would be barred because "the Social Security Act precludes . . . an action for Title II benefits under the FTCA").

Even if Pierce could properly bring claims of negligence and/or negligent infliction of emotional distress against the Commissioner under the FTCA, she admits in her Update Motion, which the Court considered in the nature of a surreply, that she filed a tort

4

claim after institution of this lawsuit. *See* Dkt. No. 18 at 1 & 3 (stating, in part, that "ALL administrative efforts have NOW been exhausted" (emphasis in original)). It is a prerequisite to filing a complaint in this Court that a FTCA claimant present the claim to the agency first and receive a denial. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."). This requirement may not be waived. *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993) (concluding that Congress intended for claimants to completely exhaust administrative remedies prior to initiating suit). Moreover, this requirement cannot be overcome by amendment of the Complaint. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (concluding that to allow suits under the FTCA to proceed by amendment "would render the exhaustion requirement meaningless"); *Waters v. Anonymous Hosp. A*, No. 1:10-cv-00983-LJM-MDJ, 2011 WL 1458161, at *4 (S.D. Ind. Apr. 14, 2011).

Accordingly, the Commissioner's Motion to Dismiss is **GRANTED** and this action shall be dismissed without prejudice. Plaintiff Laurel G. Pierce's Update Motion is **DENIED**. The Court shall enter judgment accordingly.

IT IS SO ORDERED this 20th day of December, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LAUREL G. PIERCE
510 W. Hinshaw Dr
Niveveh, IN 46164

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov